RECEIVED

**IN THE U. S. DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| **PATRICIA SMITH,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.** 2: 17-cv-353 |
| | § | |
| **v.** | § | |
| | § | |
| **A.W. HERNDON OIL** | § | **JURY DEMAND** |
| **COMPANY, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## COMPLAINT

1.     This is an action for declaratory judgment, equitable relief and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991, or the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, or the Family Medical Leave Act of 1993 (FMLA), or the Age Discrimination in Employment Act and the Alabama Age Discrimination in Employment Act, as well as retaliatory discharge.

## JURISDICTION

2.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §
1331-1337, 1343(4), 2201 and 2202, and 29 U.S.C. § 216(b). This is a suit
authorized and instituted pursuant to Title VII of the Act of Congress known
as the "Civil Rights Act of 1964," 42 U.S.C. Section 2000e *et seq.*, as
amended by the Civil Rights Act of 1991, and 42 U.S.C. Section 1981a, the
Family Medical Leave Act of 1993, 28 U.S.C. § 2601 *et seq.*, the Americans
with Disabilities Act ("ADA"), 42 U.S.C. § 12101 and the Age
Discrimination in Employment Act.

3.     Plaintiff has fulfilled all conditions precedent to the institution
of this action. Plaintiff timely filed her charge of discrimination within 180
days of the occurrence of the last discriminatory act. Plaintiff timely filed
her lawsuit within 90 days of her receipt of her right to sue letter from the
EEOC.

## PARTIES

4.     Plaintiff, Patricia Smith (hereinafter "Smith or Plaintiff"), is a
female citizen of the United States, a resident of the State of Alabama and
over the age of nineteen (19) years. Plaintiff was employed by Defendant
from June 26, 2006 until her termination on March 23, 2016.

2

5.     Defendant, A.W.   Herndon Oil Company, Inc. (hereafter "Defendant") is an entity subject to suit under the Title VII of the Act of Congress known as the "Civil Rights Act of 1964," 42 U.S.C. § 2000e *et seq.*, as amended by the "Civil Rights Act of 1991," 42 U.S.C. § 1981a Title VII of the Act of Congress known as the "Civil Rights Act of 1964," 42 U.S.C. Section 2000e *et seq.*, as amended by the Civil Rights Act of 1991, and 42 U.S.C. Section 1981a, the Family Medical Leave Act of 1993, 28 U.S.C. § 2601 *et seq.*, the Age Discrimination in Employment Act, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101.

## FACTS AND STATEMENT OF CLAIMS

6.     Smith worked for Defendant at its Midland City, Alabama location as a cashier.  She has held a position with Defendant at all times between June 26, 2006 and March 23, 2016.

7.     Smith is a Caucasian female over the age of thirty-nine (39) and she was terminated on March 23, 2016.

8.     Just prior to Smith's termination, she was out of work for at least three (3) days due to her disability/serious health condition, i.e. shoulder problems.

3

9.     Smith advised her superiors, Mr. Murphy, Ms. Phyllis Hicks, and Mrs. Cordelia that she would have/had to miss work due to doctors visits associated with her shoulder, complications arising therefrom, and a surgery in the near future.

10.   Smith was out March 16th for an appointment with her physician and then again on the 17th to have a procedure performed by that doctor.   She was also out March 19th and March 20th related to complications arising from her pain medications prescribed after her procedure.

11.   Smith's supervisor, Ms. Cordelia (African American), was aware she was attending the scheduled doctor appointment on the 16th, that Smith was having a procedure on the 17th, and that additional surgery was likely in the my future.

12.   On March 22, 2016, Smith spoke with Ms. Phyllis Hicks (Ms. Cordelia's manager) and Cordelia via telephone.  They wanted her to come in to the store but she couldn't because she was still sick from her pain medications.    Instead, they spoke via phone.    During this call Smith recapped everything that occurred regarding her shoulder and medical

4

complications. Ms. Hicks wanted to know when Smith could return to work and she stated as soon as she is put back on the schedule.

13.    The next day Smith called Cordelia to see if she had been put back on the schedule and Cordelia advised Smith she had been terminated.

14.    Thereafter, on April 19, 2016, Smith lodged a formal complaint of discrimination with Defendant via email wherein she asserted she believed that she had been terminated due to her age, or in the alternative the disability associated with her shoulder, or in the alternative her race.

15.    She also advised Defendant she was entitled to protection under the Family Medical Leave Act, and that Defendant interfered with and or retaliated against her because of her need for leave, perceived need for leave, and/or future need for leave.

16.    Subsequently, with regard to the March 22, 2016 phone conversation, Ms. Hicks represented to the Alabama Department of Labor that she asked Smith when she thought she could return and that Smith was nonchalant and could not give a definitive answer. Ms. Hicks stated Smith represented she would try to return as soon as she was back on the schedule, and in response Ms. Hicks advised her she was not going to be placed back

5

on the schedule. Ms. Hicks represented this was her way of letting Smith know she was terminated.

17. Ms. Hicks also represented to the Alabama Department of Labor that Defendant has a progressive disciplinary policy, but there is no policy as to excused and unexcused absences.

18. Later, when the specific policies were presented directly contradicting Ms. Hicks' statements, she then represented to the Alabama Department of Labor that anything in the employee handbook is Defendant's policy and that she is expected to follow those policies.

19. Ms. Hicks represented to the Alabama Department of Labor that Smith's absence was considered a no call/no show. Ms. Hicks also confirmed to the Alabama Department of Labor that Smith had not been previously disciplined for attendance or a failure to call in.

20. Defendant's progressive disciplinary policy allows three (3) days of "no call/no show" absences before an employee is terminated. Ms. Hicks confirmed this is Defendant's policy and she did not follow Defendant's policy.

21. Accordingly, any reason Defendant provides for Smith's termination is pretext, as her actions did not violate any published company

6

policy, the published policy was to be followed, and Smith had not been formerly disciplined in 12 years of employment with Defendant.

22. Based on the information provided to Cordelia and the other members of management, Defendant was aware of Smith's need for leave under the Family Medical Leave Act. Defendant did not notify Smith she had a right to leave nor did it take her FMLA rights into account when terminating Smith.

23. As such, Defendant has purposefully interfered with Smith's right to FMLA leave, and terminated Smith to avoid providing her future leave associated with her upcoming shoulder surgery.

24. Leading up to her termination, Cordelia was terminating Caucasian cashiers and replacing them with African American cashiers. Smith was one of the last, if not the last Caucasian cashier working under Cordelia.

25. If the motivating factor as to Smith's termination was not related to FMLA leave, then the reason for her termination was based on the fact that she is not African American and Cordelia was discriminating against her in favor of cashiers of her same race in violation of the Civil Rights Act of 1964, as amended.

7

26.     In the alternative, Smith asserts the reason she was terminated was due to her age.  She is over the age of thirty-nine (39) and Defendant purposefully replaced her with a younger cashier possessing less experience with the company and as a cashier in violation of the Age Discrimination in Employment Act.

27.     Lastly, in the alternative, Smith asserts that Defendant terminated her because Cordelia and Ms. Hicks perceived she was disabled or would soon be disabled with regard to her shoulder, and her impending shoulder surgery, thus they terminated her employment to avoid making accommodations for her under the American's with Disabilities Act and the Alabama Age Discrimination in Employment Act.

## DAMAGES

28.     Plaintiff has suffered embarrassment, humiliation, shame, damage to her reputation, mental distress, emotional and physical pain and anguish, and lost wages and benefits as a consequence of Defendant's unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A.     Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e *et al.* In the alternative, Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of The Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. In the alternative, Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of and the Age Discrimination in Employment Act, or in the alternative, Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of Family Medical Leave Act.

B.     Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e *et seq.* or The Americans with Disabilities Act ("ADA"),

9

42 U.S.C. § 12101, et seq., or Age Discrimination in Employment Act, or Family Medical Leave Act.

C.      Enter an order requiring that Defendant make Plaintiff whole by awarding her reinstatement in the position at the salary level she would have occupied absent discrimination, front pay if reinstatement is not possible, lost wages (plus interest), medical expenses, compensatory and punitive damages, post-judgment interest, loss of benefits, including retirement, pension, seniority and other benefits of employment.

D.      Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

## Jury Demand

Plaintiff demands a trial by struck jury.

Dated:  May 31, 2017

Respectfully submitted,

**ROBERT J. CAMP**
rcamp@wcqp.com
**WIGGINS, CHILDS, QUINN
& PANTAZIS, LLC**
The Kress Building
301 19th Street North

10

Birmingham, AL  35203
(205) 314-0500 – Phone
(205) 254-1500 – Facsimile

*Plaintiff's Counsel*

## PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:

**A.W. HERNDON OIL COMPANY, INC.**
**100 N. Court Square**
**Abbeville, 36310**

OF COUNSEL